ORIGINAL

FILED

SEP 1 4 2017

U.S. COURT OF
FEDERAL CLAIMS

# In the United States Court of Federal Claims

### No. 16-1709C
### (Filed: September 14, 2017)

```
* * * * * * * * * * * * * * * * * * * * * * * *
                                              *
EDDIE WISE AND DOROTHY WISE,                  *
                                              *
          Plaintiffs,                         *
                                              *
     v.                                       *
                                              *
THE UNITED STATES,                            *
                                              *
          Defendant.                          *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

---

## ORDER OF DISMISSAL

---

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. This is Plaintiffs' second case in this Court. Plaintiffs' complaint is nearly identical to that filed in the earlier case. See Compl., Wise et al. v. United States, No. 14-1162C. In their earlier action, Plaintiffs sought compensation for the Farm Service Agency's[1] ("FSA") denial of their 2012 application for a farm operating loan under the United States Department of Agriculture-FSA Farm Loan Program. At the time they filed their complaint in that earlier action, Plaintiffs had a pending appeal before the United States Court of Appeals for the Fourth Circuit, challenging the dismissal of a counterclaim they brought in a foreclosure action in the United States District Court for the Eastern District of North Carolina. Plaintiffs' counterclaim was identical to a previous complaint they filed in the same District Court.

This Court granted Defendant's motion to dismiss Plaintiffs' earlier action, finding that because Plaintiffs' complaint in this Court and their appeal of the dismissal of their counterclaim involved the same operative facts, FSA's denial of Plaintiffs' 2012 farm operating loan application, this Court lacked jurisdiction under 28 U.S.C. § 1500.

Defendant seeks to dismiss Plaintiffs' instant complaint as barred on res judicata grounds, and as failing to state a claim upon which relief can be granted. Because Plaintiffs' claim involves the "same set of transactional facts" as those alleged in Plaintiffs' previous actions before this

---

[1]     The Farm Service Agency is part of the United States Department of Agriculture ("USDA"). See Lea v. United States, 120 Fed. Cl. 440, 442 (2015).

7017 1450 0000 1346 4032

Court and other fora, the doctrine of res judicata applies, and Defendant's motion to dismiss is granted.

## Background[2]

Plaintiffs pro se were the operators of a hog and livestock farm in Nash County, North Carolina, who had received farm operating loans under the United States Department of Agriculture-Farm Service Agency ("USDA-FSA") Farm Loan Program. Compl. 2. In September 1997, the FSA Loan Manager assigned to Plaintiffs was relocated, and Plaintiffs were subsequently assigned a new Loan Manager. Id. In January 2011, this Loan Manager retired, and Plaintiffs were assigned their current Loan Manager. Id. Plaintiffs allege that despite a request for assistance, their new Loan Manager did not provide any help in developing Plaintiffs' 2012 farm operating plan. Id. Plaintiffs were able to secure the assistance of their former, now retired, Loan Manager, and submitted the required documents to their Loan Officer in January 2012. Id.

The farm operating plan prepared for Plaintiffs on March 27, 2012, based on the information that they provided to their Loan Manager, projected "negative net operating inflows and negative net cash available from the projected livestock and poultry sales" from their farm. Id. at 2-3. Based on this projection, Plaintiffs were informed by their Loan Manager that they did not qualify for any FSA Primary Loan Servicing programs. Id. at 3. Plaintiffs subsequently submitted a Farm Business Plan Worksheet using their own historical sales data rather than a national average to calculate the projected cash flow for 2012. Id. Plaintiffs' Loan Manager prepared a second farm operating plan in May 2012, this time showing "positive net operating inflows and positive net cash available for operations." Id. Plaintiffs were instructed to meet with their Loan Manager to finalize approval of this plan, however at this meeting, the Loan Manager notified Plaintiffs that she had decided not use this second plan. Id. Plaintiffs were then informed that because they "did not qualify for any FSA Primary Loan Servicing program, they would be required to make monthly debt payments of $3,100.00 to the USDA to avoid foreclosure . . . ." Id.

In June 2012, a third farm operating plan was prepared by the Loan Manager, further reducing the anticipated sales of livestock and repeating the projection of negative cash flow. Id. Because Plaintiffs' farm does not generate sufficient income to allow them to pay $3,100.00 per month, they have defaulted on the obligations due under their promissory note. Id. Plaintiffs allege that the farm operating plans of "similarly situated white Caucasian livestock farmers" were approved by their Loan Manager, and that the "rejection of [their] application to participate in [a] USDA-FSA Primary Loan Servicing program [was] based upon [their] race." Id. Although Plaintiffs met multiple times with the FSA state director to obtain reversal of the USDA-FSA decision to deny them any participation in a USDA-FSA Primary Loan Servicing program for 2012, these meetings were not successful. Id. at 3-4.

Plaintiffs allege that the decisions of their Loan Manager violated Plaintiffs' rights under the Equal Credit Opportunity Act," and that as a "direct and proximate result of the discriminatory actions and omissions of the USDA, Plaintiffs have "suffered actual damages and severe emotional

---

[2] This background is derived from Plaintiffs' complaint.

distress," and have been prohibited from filing a grievance with an administrative law judge. Plaintiffs seek $4,000,000 in damages. Id. at 20.

### Discussion

Plaintiffs have the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true and will construe the complaint in a manner most favorable to Plaintiffs when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2016), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal citation and quotation marks omitted)).

Under principles of res judicata a party is precluded from relitigating issues that could have been raised in a previous action in which a final judgment on the merits has been issued. Ammex, Inc. v. United States, 334 F.3d 1052, 1055 (Fed. Cir. 2003). In order to establish that a claim is barred as res judicata, "the party asserting the bar must prove that (1) the parties are identical or in privity; (2) the first suit proceeded to a final judgment on the merits; and (3) the second claim is based on the same set of transactional facts as the first." Id.

Here, the first two elements are clearly met in that the parties are identical and Plaintiffs' previous suits have proceeded to final judgments on the merits. In 2013, Plaintiffs filed a complaint in the United States District Court for the Eastern District of North Carolina alleging that USDA discriminated against them by failing to grant them a farm operating loan. The District Court dismissed Plaintiffs' complaint for failure to state a claim upon which relief could be granted. Wise v. U.S. Dep't of Agric., No. 4:13-CV-234-BO, 2014 WL 5460606, at *2-4 (E.D.N.C. Oct. 27, 2014), aff'd 592 F. App'x 203 (4th Cir. 2015). Subsequent to that action, the

United States initiated a foreclosure action against Plaintiffs, and Plaintiffs filed counterclaims in response, which mirrored the allegations in their 2013 complaint. The District Court found foreclosure to be proper and dismissed Plaintiffs' counterclaims, applying the doctrine of res judicata and finding that Plaintiffs "previously had sued the United States, as well as various of its agents and employees, in this district, and that such suit had been dismissed on the merits." United States v. Wise, No. 5:14-CV-844-FL, 2015 WL 5918027, at *2 n.1 (E.D.N.C. Oct. 9, 2015). The United States Court of Appeals for the Fourth Circuit affirmed the District Court's dismissal of the counterclaims on res judicata grounds. United States v. Wise, 639 F. App'x 193 (4th Cir. 2016) (per curiam).

The remaining element is whether the two claims involve the "same set of transactional facts," i.e. the same core operative facts or the same nucleus of operative facts. Ammex, 334 F.3d at 1055 (internal citations omitted). The second claim must be "based on the same or nearly the same factual allegations." Id. at 1056. The complaint in this matter is nearly identical to that filed in Plaintiffs' previous action in this Court, six previous actions Plaintiffs brought in other courts, and three administrative actions they brought before USDA. Here, as in each of Plaintiffs' previous complaints, Plaintiffs challenge the denial of an FSA farm operating loan based upon Plaintiffs' history with the FSA and their 2012 application process. Each of these actions cite racial discrimination as the cause of the denial of Plaintiffs' loan application. As the complaints in Plaintiffs' numerous lawsuits over the years have all been nearly identical, and recite the same operative factual allegations, res judicata applies. See Cent. Pines Land Co. L.L.C. v. United States, 697 F.3d 1360, 1364-65 (Fed. Cir. 2012) (finding that there was "substantial overlap of operative facts" where plaintiffs had filed "nearly identical complaints").

The doctrine of res judicata does not require that the legal theories being pleaded be identical, as res judicata applies even if a plaintiff asserts a right not previously asserted. Ammex, 334 F.3d at 1055 (noting that res judicata prevents parties from "relitigating issues that were or could have been raised" in a previous action (internal citation and quotation marks omitted)). Here, most of Plaintiffs' claims have been litigated in a previous action. Plaintiffs' allegation that Defendant violated the Homestead Protection Program could have been litigated, and res judicata applies to that claim as well.

Even if res judicata did not bar this action, this Court would lack jurisdiction over Plaintiffs' claims under the Administrative Procedure Act, the Equal Credit Opportunity Act, and the Homestead Protection Program, 7 C.F.R. §§ 766.151-.154, as the proper forum for these causes of action is the district court. 5 U.S.C. §§ 701-06 (2016); 15 U.S.C. § 1691e(f) (2016); Crocker v. United States, 125 F.3d 1475, 1476 (Fed. Cir. 1997); Hicks v. United States, 23 Cl. Ct. 647, 653 (1991). This Court lacks jurisdiction over Plaintiffs' Due Process claim, as the Due Process clause is not money-mandating, and Plaintiffs have failed to state a claim for a taking. LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

**Conclusion**

Defendant's motion to dismiss is **GRANTED**.  The Clerk is directed to dismiss this action.

*Mary Ellen Coster Will*

**MARY ELLEN COSTER WILLIAMS**
**Judge**